LEVINE *v.* LACHMAN.

1. CHATTEL MORTGAGES—PAYMENT—DISCHARGE.

  Where, in a suit to have a chattel mortgage decreed paid and discharged of record, it appeared that a written agreement had been made and signed by the parties reciting the amount then due, which was attached to the mortgage then on file, and that thereafter plaintiff had paid the agreed amount and tendered the interest due, he was, in the absence of fraud or mutual mistake in the making of the agreement, entitled to a discharge of the mortgage.

2. SAME—MUTUAL MISTAKE—FRAUD MAY NOT BE BASED ON FAILURE TO KEEP PROMISE.

  In such suit, evidence examined and *held*, to present no question of mutual mistake, and that defendant may not claim fraud in the inception of the agreement based on plaintiff's promise to have an audit later and his failure to keep said promise.

Appeal from Wayne; Dunham (Major L.), J., presiding.   Submitted June 23, 1927.   (Docket No. 89.) Decided October 3, 1927.

Bill by Morton Levine against Sol P. Lachman for the discharge of a chattel mortgage.   From a decree for plaintiff, defendant appeals.   Affirmed.

*Lawhead & Kenney,* for plaintiff.

*William Henry Gallagher* (*William H. Kaplan,* of counsel), for defendant.

WIEST, J.   Plaintiff filed the bill herein to have a chattel mortgage decreed paid and discharged of record. From a decree finding the mortgage paid and granting discharge thereof, defendant appealed.

[1]Chattel Mortgages, 11 C. J. § 445 (Anno); [2]Contracts, 13 C. J. § 285.

Plaintiff was engaged in the shoe business and could not pay his creditors. The creditors agreed to take 70 cents on the dollar and permit weekly payments of $150 to a trustee, provided plaintiff gave his note and procured a responsible signer to join in the obligation. Defendant is plaintiff's second cousin, and plaintiff appealed to him to aid him by signing the note. Defendant acceded to the request and joined in a note to pay the creditors $9,511.85, and to secure himself took from plaintiff a chattel mortgage for that amount on the stock of goods. The note was executed November 15, 1920, and the chattel mortgage the next day. Renewal affidavits of the mortgage were filed. Receipts from the business did not meet the agreed weekly payments to the creditors, and a new compromise was made with the creditors at 50 cents on the dollar, to be paid in cash. Defendant raised the money to so pay the creditors. February 13, 1923, plaintiff and defendant went to the office where the chattel mortgage was on file and there signed the following agreement prepared, at their request, by the deputy city clerk, and attached it to the chattel mortgage:

"This agreement made this day between Morton Levine, party of the first part, and Sol P. Lachman, party of the second part, as evidenced by mortgage, file No. 44819, filed Nov. 23, 1920, certifies that:

"Whereas, Morton Levine has from time to time made payments to Sol P. Lachman and thereby reduced the indebtedness under the mortgage, and

"Whereas, it is agreed that notice to this effect shall be filed with the mortgage.

"It is hereby understood and agreed between the above parties that the total amount of indebtedness under the mortgage shall not exceed $6,500 (six thousand five hundred dollars) and interest thereon from date of mortgage.

"Detroit, Michigan, February 13, 1923."

Thereafter plaintiff paid defendant, during 61 weeks,

240—Mich.—25.

the sum of $6,500 and then tendered him $311.25 for interest, and asked for the discharge of the mortgage. Defendant refused the tender and declined to discharge the mortgage. Thereupon plaintiff filed the bill herein.

At the hearing defendant wanted to go back of the agreement attached to the chattel mortgage and show there was a greater amount due. Upon the ruling that such could not be done, defendant asked leave to amend the pleadings by alleging fraud and mistake in the agreement. The case had been pending some time, and the court refused the amendment at that late stage, and defendant made a special record for review by taking the testimony on the subjects of fraud and mistake. The special record bearing on alleged fraud and mistake has been examined.

Defendant claims that plaintiff wanted the amount of the mortgage reduced of record for the purpose of aiding his credit, and, without an audit of the account between himself and plaintiff and upon plaintiff's promise to later have an audit, he executed the agreement attached to the mortgage. The parties agreed upon the amount due on the mortgage and thereby foreclosed subsequent inquiry as to the verity thereof, except there was fraud or mutual mistake. If defendant was induced to agree to the amount by a promise of an audit later on he cannot claim fraud in the inception of the agreement by reason of a failure of plaintiff to keep his promise and have an audit. There is no evidence of a mutual mistake. Defendant cannot now show he was mistaken in the amount agreed upon and have an accounting as though the agreement had no existence. When the parties executed the agreement and attached it to the mortgage they fixed the amount due thereon, and, for 61 weeks thereafter, defendant received, without demur, payments totaling the very amount agreed upon. The

parties agreed upon the amount to be paid. Plaintiff paid the agreed amount and the mortgage was thereby satisfied.

The decree in the circuit is affirmed, with costs to plaintiff.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.